UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARTON LYNN SMITH (#305982)

VERSUS CIVIL ACTION

GRADY GAGNARD, ET AL NUMBER 11-614-BAJ-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 25, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARTON LYNN SMITH (#305982)

VERSUS CIVIL ACTION

GRADY GAGNARD, ET AL NUMBER 11-614-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion for Summary Judgment filed by defendant Lt. Col. Kenneth Dupuis. Record document number 58. The motion is not opposed.

Pro se plaintiff, an inmate confined in Louisiana State Penitentiary, Angola, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Grady Gagnard, Lt. Col. Kenneth Dupuis, correctional MSgt. Kenneth Washington and Dy. Warden Bruce Dodd.[1] Plaintiff alleged that he was subjected to an excessive use of force and was denied the opportunity to shower after being sprayed with a chemical agent, all in violation of his constitutional rights.[2] Plaintiff also asserted a state law battery claim.

[1] Lt. Kewe Durpuis was not served with the summons and complaint. On March 13, 2012, the plaintiff's motion for leave of court to amend the complaint to substitute Lt. Col. Kenneth Dupuis for the defendant previously identified as Kewe Durpuis was granted. Record document number 42, order; record document number 43, Second Amended Complaint.

[2] Plaintiff's claim that he was issued a false disciplinary report and the defendants violated Department of Corrections (continued...)

Plaintiff sought monetary damages.

Defendant Lt. Col. Dupuis moved for summary judgment relying on a statement of undisputed facts, the affidavit of Rhonda Weldon and the results of ARP LSP-2011-631 and Disciplinary Board Appeal No. LSP-2011-47.

## I. Factual Allegations

Plaintiff alleged that on January 1, 2011, he was subjected to an excessive use of force and was not allowed to shower following the incident. Specifically, the plaintiff alleged that Capt. Gagnard told him to pack his belongings because he was being moved. Plaintiff alleged that when he asked where he was being moved to Capt. Gagnard threatened to spray him with gas for asking questions. Plaintiff alleged that Capt. Gagnard left the unit and returned with defendants Lt. Col. Dupuis and MSgt. Washington. Plaintiff alleged that Lt. Col. Dupuis ordered Capt. Gagnard to spray the plaintiff with Sabre Red chemical agent. Plaintiff alleged that MSgt. Washington told Capt. Gagnard to spray the plaintiff a second time with the Sabre Red chemical agent. Plaintiff alleged that he was examined by medical personnel

---

[2](...continued)
("DOC") regulations were previously dismissed without prejudice to any state law claim regarding the issuance of a false disciplinary report or the failure to comply with DOC regulations. Record document number 54. A magistrate judge's report was issued recommending that the claims against defendants Capt. Gagnard, MSgt. Washington and Dy. Warden Dodd be dismissed. Record document number 57.

following the incident but Capt. Gagnard and Lt. Col. Dupuis would not permit him to take a shower. Plaintiff alleged that following the incident Dy. Warden Dodd was informed about the alleged assault but took no action to discipline the defendants.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

### B. Failure to Exhaust Available Administrative Remedies

Defendant Lt. Col. Dupuis moved for summary judgment arguing that the plaintiff failed to exhaust available administrative remedies before filing suit regarding the claims raised against him in the complaint.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available

administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id*., 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act (PLRA) does not specify who must be named in a prison grievance in order to properly exhaust

the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

Plaintiff alleged in his complaint that he filed Disciplinary Board Appeal LSP-2011-0047 and ARP LSP-2011-631 regarding the claims raised in the complaint.

**1. Disciplinary Board Appeal No. LSP-2011-0047**

The summary judgment evidence showed that the plaintiff appealed the decision of the disciplinary board which was assigned as Disciplinary Board Appeal No. LSP-2011-0047.[3] Plaintiff complained that the disciplinary board deprived him of a liberty interest without due process, Capt. Gagnard denied him written notice of the disciplinary charges against him at least 24 hours before the disciplinary board hearing, the disciplinary board denied him an opportunity to be heard, and the disciplinary board

[3] Record document number 58-3, pp.12-15.

imposed an excessive sentence. The appeal was denied by the Warden on January 26, 2011[4] and by the Secretary on April 20, 2011.[5]

The summary judgment evidence showed that the plaintiff did not allege in his disciplinary board appeal that he was subjected to an excessive use of force and was denied a shower following the incident.

**2. ARP LSP-2011-631**

The summary judgment evidence showed that ARP LSP-2011-631 was signed by the plaintiff on March 23, 2011, and was received by prison officials on March 24, 2011.[6] Plaintiff complained that on January 1, 2011, Capt. Gagnard committed corporal punishment on him in violation of Department Regulation No. 02-009. Plaintiff did not allege that he was denied the opportunity to shower nor did he allege any facts against Lt. Col. Dupuis.

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding his claims against Lt. Col. Dupuis.

As noted above, the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. However, a grievance must provide administrators with a fair opportunity under the

---

[4] *Id*. at 10.

[5] *Id*. at 7.

[6] Record document number 58-3, pp. 3-4.

circumstances to address the problem that will later form the basis of the suit.

The summary judgment evidence showed that the plaintiff’s ARP failed to provide prison administrators with a fair opportunity to address the plaintiff’s claims against Lt. Col. Dupuis regarding an excessive use of force and denial of an opportunity to take a shower following the incident, these being the claims which later formed the basis of the plaintiff’s suit against Lt. Col. Dupuis.

**C. Opposition to Summary Judgment**

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial. It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

**D. Supplemental Jurisdiction**

To the extent the plaintiff sought to invoke the supplemental jurisdiction of this court over any state law claim, the court should decline to exercise supplemental jurisdiction over the claims.

District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex

issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendant’s Motion for Summary Judgment be granted, and this action be dismissed without prejudice to any state law claim.

Baton Rouge, Louisiana, June 25, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE